UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL MCKAY,<br><br>        Plaintiff,<br><br>    v.<br><br>FAY SERVICING, LLC,<br><br>        Defendant. | Case No. 23-cv-03731-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 4 |

    Plaintiff April McKay has filed a foreclosure-related suit against Defendant Fay Servicing, LLC. Currently pending before the Court is her motion for a temporary restraining order ("TRO"). In the motion, Ms. McKay asks that the Court enjoin a foreclosure sale of certain real property located in Antioch, at least pending a hearing on a motion for a preliminary injunction. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** Ms. McKay's motion.

    Fay Servicing has opposed Ms. McKay's motion on the basis that the Court lacks subject matter jurisdiction over the case. If the Court lacks subject matter jurisdiction, then it cannot issue a TRO even if the TRO simply preserves the status quo.

    In her complaint, Ms. McKay alleges that there is diversity jurisdiction because "all parties are diverse and the amount in controversy exceeds $75,000.00." Compl. ¶ 4. Fay Servicing disputes this allegation, arguing that Ms. McKay appears to be a citizen of California and that it is also a citizen of California.

1   The critical issue in the instant case is Fay Servicing's citizenship.[1]  Fay Servicing is a
2   LLC.  A LLC "is a citizen of every state of which its owners/members are citizens."  *Johnson v.*
3   *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "And because a member of a
4   limited liability company may itself have multiple members – and thus may itself have multiple
5   citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."
6   *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see also 19th Capital*
7   *Grp., Inc. v. 3 GGG's Truck Lines, Inc.*, No. CV 18-2493 PA (RAOx), 2018 U.S. Dist. LEXIS
8   226595, at *4 (C.D. Cal. Apr. 3, 2018) ("An LLC's citizenship is not determined by its place of
9   formation or principal place of business, but rather, by the citizenships of each of its members;
10  where an LLC is a member of another LLC, the citizenship of the 'sub-member' LLC is likewise
11  defined by the citizenships of its own members.").  Ms. McKay does not dispute that this is the
12  controlling law on citizenship of a LLC.

13  Fay Servicing has submitted a declaration from Michael Paterno.  In his declaration, Mr.
14  Paterno testifies that he is an employee of Fay Servicing.  He also testifies that, in his role at Fay
15  Servicing, he has "become familiar with Fay's ownership."  Paterno Decl. ¶ 2.  According to Mr.
16  Paterno, "Fay is a single member limited liability company that is wholly owned by Fay
17  Management, LLC.  Fay Management, LLC is a limited liability company.  Fay Management,
18  LLC has multiple individual members.  At least one of the members of Fay Management, LLC is a
19  citizen of California."  Paterno Decl. ¶ 3.  Mr. Paterno does not specifically identify the member of
20  Fay Management that is a citizen of California.

21  Ms. McKay criticizes the Paterno declaration, arguing that it does not specify Mr.
22  Paterno's job title.  *See* Reply at 2.  She also contends that the declaration "does not provide
23  evidence to [the] fact" that "one member of the LLC is in California."  Reply at 2 (adding that
24  "citizenship *is* a question of fact") (emphasis in original).  She further asserts that the Court should
25  not make a decision on subject matter jurisdiction so early in the case – *i.e.*, a factual record
26  should be developed on Fay Servicing's citizenship.

---

[1] In her reply brief, Ms. McKay does not dispute that she is a citizen of California.

United States District Court
Northern District of California

The Court is not without some sympathy for Ms. McKay.  However, at bottom, she misses the point that the declaration from Mr. Paterno is itself evidence and she has provided no evidence to challenge his declaration which was submitted under penalty of perjury.  The Court also notes that Rule 11 holds counsel for Fay Servicing accountable.

The Court therefore denies the motion for a TRO.  The Court's ruling here does not preclude Ms. McKay from seeking relief in state court, even while this action is still pending.  The Court is not at this time dismissing this case for lack of subject matter jurisdiction.  Fay Servicing may bring such a motion if it wishes.[2]

This order disposes of Docket No. 4.

**IT IS SO ORDERED**.

Dated: July 28, 2023

_____
EDWARD M. CHEN
United States District Judge

---

[2] The Court notes that, apparently, the foreclosure sale has now been delayed.  It had been set for July 31, 2023; it has now been postponed to August 15, 2023.  *See* Def.'s Further Resp. at 2.